1

2

3          UNITED STATES DISTRICT COURT

4               DISTRICT OF NEVADA

5                        * * *

6    STEPHEN STRATTON,                    Case No. 3:25-cv-00543-MMD-CSD

7                      Petitioner,         ORDER

8          v.

9    THE STATE OF NEVADA, *et al.*,

10                   Respondents.

11   **I.    SUMMARY**

12         This habeas matter is before the Court for initial review of Petitioner Stephen

13   Stratton's *pro se* petition for writ of habeas corpus (ECF No. 1-2 ("Petition")) under 28

14   U.S.C. § 2254 under the rules governing § 2254 cases.[1] Also before the Court is Stratton's

15   application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 4, 6.) The Court concludes

16   that the Petition fails to state a cognizable federal habeas claim, summarily dismisses the

17   Petition without prejudice, and grants the IFP application.

18   **II.   DISCUSSION**

19         Under Habeas Rule 4, the assigned judge must examine the habeas petition and

20   order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See*

21   *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen

22   and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible,

23   false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128

24   (9th Cir. 1998).

25         Stratton's Petition fails to allege a cognizable federal habeas claim. The

26

27         [1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

28

Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Generally, matters relating to state sentencing are not cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (holding that state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not a cognizable federal habeas claim).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Stratton challenges the statutory, good time, and work time credits applied by Senate Bill 413. (ECF No. 1-2 at 3.) He appears to assert that he elects to be subjected to the revised calculation method and requests a recalculation or modification of his sentence. (*Id.* at 4-5.) Stratton's claims present no federal question because they plainly involve the application or interpretation of state law regarding prison disciplinary proceedings, parole hearings, and computation of statutory good time credits. *See*

*Swarthout v. Cooke*, 562 U.S. 216, 220-22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Moreover, Nevada inmates possess no liberty interest in being released on parole, *see Moor v. Palmer*, 603 F.3d 658, 662-63 (9th Cir. 2010), or the application of good time credits to a life sentence, *see Witherow v. Farwell*, 383 Fed. App'x 688 (9th Cir. 2010) (holding that good time credits do not apply to an indefinite maximum term such as a life sentence) (citing *Hunt v. Warden*, 903 P.2d 826, 827 (Nev. 1995)). Stratton's claims are questions of state law and therefore are not cognizable in federal habeas corpus proceedings.

## III.    CONCLUSION

It is therefore ordered that Stratton's petition for writ of habeas corpus (ECF No. 1-2) under 28 U.S.C. § 2254 is denied and this action is dismissed without prejudice.

It is further ordered that Stratton's IFP application (ECF No. 4) is granted.

It is further ordered that Stratton is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the AG only.  No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 4th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE